IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Omari Keisaun Mason,<br><br>                    Plaintiff,<br><br>v.<br><br>Nurse Mims<br><br>                    Defendant. | C/A No. 4:25-cv-0649-SAL<br><br><br>**ORDER** |

Omari Keisaun Mason ("Mason"), proceeding pro se, filed this action under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) alleging violations of his constitutional rights while incarcerated at FCI Williamsburg. All Defendants other than Nurse Mims ("Defendant" or "Mims") have been dismissed. *See* ECF No. 22. Before the court is Defendant's motion to dismiss [ECF No. 28.] United States Magistrate Judge Thomas E. Rogers, III reviewed this case pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) and issued a Report and Recommendation ("Report") recommending dismissal on jurisdictional grounds. [ECF No. 32 at 3–4.]

**I.     Background**

Mason claims Mims denied him medical care for difficulty breathing and chest pains on more than one occasion. When he was later transferred to a different facility, a chest x-ray revealed that he was coughing up black mucus. *See* ECF No. 1-1 at 5–7, 10, 13, 15. He alleges Mims violated his right to adequate medical care under the Eighth Amendment. *Id.* at 6. The magistrate judge recommends dismissal of Mason's claims under Federal Rule of Civil Procedure 12(b)(1). [ECF No. 32.] Mason objects. [ECF No. 41.]

1

II.     **Legal Standards**

   A.  **Review of a Magistrate Judge's Report**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* In the absence of *specific* objections this court need not give any explanation for adopting the recommendation. *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009). That said, the Fourth Circuit has instructed district courts that *pro se* filings, "however unskillfully pleaded, must be liberally construed." *Noble v. Barnet*, 24 F.3d 582, 587 (4th Cir. 1994).

   B.  **Dismissal under Rule 12(b)(1)**

Federal courts are courts of limited jurisdiction, and "possess only that power authorized by Constitution and statute[.]" *Exxon Mobil Corp. v. Alapattah Servs., Inc.*, 545 U.S. 546, 552

2

(2005). A party may challenge the court's subject matter jurisdiction by moving to dismiss an action under Rule 12(b)(1).

Sovereign immunity is a jurisdictional issue. *See Cunningham v. Gen. Dynamics Info. Tech.*, 888 F.3d 640, 643 (4th Cir. 2018) (citing *Kerns v. United States*, 585 F.3d 187, 193–94 (4th Cir. 2009)). The United States is immune from private civil suits without its express consent. *Id.* Subject matter jurisdiction is a threshold issue, and the court must address it before reaching the merits of the case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95–102 (1998).

In determining whether it has subject matter jurisdiction over a claim, the court must "regard the pleadings' allegations as mere evidence on the issue[] and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredricksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

**III.    Discussion**

The magistrate judge found that Mims was entitled to immunity from Mason's *Bivens* claims under 42 U.S.C. § 233(a). *See* ECF No. 32 at 2–4. Mason's failure to name the United States as a defendant also defeats any claims under the Federal Tort Claims Act ("FTCA"). *Id.* The court agrees.

Mims is a Commissioned Officer in the United States Public Health Service ("PHS"), and, at the time giving rise to this action, she was a Registered Nurse at FCI Williamsburg. [ECF No. 28-1 ¶ 2.] Congress made proceedings under the FTCA the exclusive remedy for claims against PHS employees resulting from the performance of medical functions within the scope of their employment. *See* 42 U.S.C. § 233(a). The Supreme Court has held that the immunity provided by § 233(a) precludes *Bivens* actions against individual PHS officers or employees for harms arising out of constitutional violations committed while acting within the scope of their office or

employment. *Hui v. Castaneda*, 559 U.S. 799, 812 (2010) (stating that § 233(a) "plainly precludes a *Bivens* action against petitioners by limiting recovery for harms arising from the conduct at issue to an FTCA action against the United States"). Accordingly, the court agrees Mims is entitled to immunity on Mason's claims under *Bivens*.

Mason argues, however, that the United States should be considered a defendant, either because he intended to name it or by implication due to its responsibility for prison conditions. [ECF No. 41 at 1; ECF No. 31 at 2.] The court disagrees.

Mason's complaint clearly lists only individual defendants and does not name the United States. *See* ECF No. 1 at 1–3. The form complaint Mason completed instructed him to provide identifying information "for each defendant named in the complaint, whether that defendant is an individual, a government agency, an organization, or a corporation" and warned to "make sure the defendant(s) listed below are identical to those contained in the caption." *Id.* at 2. He did not include the United States despite clear directions to do so in the form complaint. And he seemingly recognizes as much since he asks to amend his complaint to add the United States. [ECF No. 41 at 1.] While Mason references "U.S. Government" in an attachment, he does not formally assert claims against the United States. [ECF No. 1-1 at 3.]

Nevertheless, out of an abundance of caution, the court will allow Mason to amend his complaint to properly add the United States as a party and pursue claims under the FTCA.

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error in the Report. The court reviewed de novo the parts of the Report to which Mason's objections relate. The court hereby adopts the Report and Recommendation, ECF No. 32. As a result, Mims' motion to dismiss, ECF No. 28, is **GRANTED**. Mason's *Bivens* claims are therefore dismissed **WITH PREJUDICE**.

The court grants Mason leave to amend his complaint within thirty (30) days of this order. The new complaint must be captioned "Amended Complaint" and bear the same case number as this order (4:25-cv-0649-SAL). Mason is advised that any amended complaint will completely replace the original complaint, so he should not rely on any allegations in his prior complaints. If Mason does not file an amended complaint within thirty days, judgment dismissing this action will be entered. If Mason files an amended complaint, this matter will again be referred to the magistrate judge.

**IT IS SO ORDERED.**

October 9, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge